IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| XZAVIER ROBINSON-DURHAM, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:24-cv-1519-B-BW | |
| § | | |
| NAVARRO COUNTY JAIL, § | | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Based on the relevant filings and applicable law, the Court should **DISMISS** this civil rights action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

## I.   BACKGROUND

On June 18, 2024, the Court received correspondence from Plaintiff Xzavier Robinson-Durham, a detainee of the Navarro County Jail at the time, that was construed as a civil complaint raising claims under 42 U.S.C. § 1983. (*See* Dkt. No. 3.)  The Court entered a *Notice of Deficiency and Order Regarding Complaint and Filing Fee* requiring that by August 1, 2024, Robinson-Durham complete and return a signed form civil rights complaint and either pay the $405.00 filing fee or file a proper application to proceed in forma pauperis ("IFP") with a completed and verified

---

[1] By *Special Order No. 3-251*, this pro se case has been automatically referred for full case management.  By *Special Order No. 3-354*, it was transferred and reassigned to the undersigned on August 23, 2024.  (*See* Dkt. No. 5.)

certificate of inmate trust account ("CTA").  (*See* Dkt. No. 4.)  With the Order, the Court provided the appropriate forms for filing a civil rights action and an IFP application with a CTA.  (*See* Dkt. Nos. 4-1, 4-2.)  The Order also warned Robinson-Durham that failure to comply with the Court's orders would result in a recommendation that his case be dismissed.  (*See* Dkt. No. 4 at 3.)

It is now over six weeks past the deadline, and Robinson-Durham still has not filed his complaint on the appropriate form, paid the filing fee, filed an IFP application, or filed anything else in this case.  Additionally, it appears that he is no longer in custody at the Navarro County Jail, and he has not filed any notice of a change of address.  *See* Inmate Roster, Navarro County Justice Center, *available at* jailroster.ncsotx.org (last visited Sept. 16, 2024).

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order."  *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party

from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Robinson-Durham has failed to comply with the Court's order to file his civil rights complaint on the appropriate form and to either pay the filing fee or file an IFP application despite a warning that failure to do so could result in dismissal of the case. Nor has he filed anything else in the case. By not complying with the Court's August 1 Order or otherwise showing he intends to proceed with this case, Robinson-Durham prevents this action from proceeding and has failed to prosecute his lawsuit. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b) for failure to prosecute and obey court orders.

### III. RECOMMENDATION

The Court should **DISMISS** this civil rights action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

**SO RECOMMENDED** on September 17, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).